# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-3770

_____

Lauren M. Hales

*Plaintiff - Appellant*

v.

Casey's Marketing Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: October 19, 2017
Filed: April 3, 2018

_____

Before WOLLMAN and SHEPHERD, Circuit Judges, and GOLDBERG,[1] Judge.

_____

WOLLMAN, Circuit Judge.

Lauren Hales sued her former employer, Casey's Marketing Company (Casey's), for hostile work environment sexual harassment (hostile work environment) and retaliatory termination in violation of Title VII of the Civil Rights

_____

[1]The Honorable Richard W. Goldberg, United States Court of International Trade, sitting by designation.

Act of 1964, 42 U.S.C. § 2000e, et seq. (Title VII) and the Iowa Civil Rights Act (ICRA), Iowa Code § 216.1, et seq. The district court dismissed the ICRA claim as time-barred and rejected the Title VII claims on summary judgment. It also excluded evidence of previous sexual assaults and expert testimony. We affirm.

Eighteen-year-old Hales was employed at Casey's Summer Street store in Burlington, Iowa, from April 9, 2013, through May 31, 2013. On May 28-29, 2013, Hales worked the 9:00 p.m to 5:00 a.m. shift at Casey's West Avenue store, also located in Burlington, Iowa. This was her second time working at this location.

At approximately 1:44 a.m. on May 29, a male customer entered Casey's West Avenue store, where he stayed for approximately twenty-two minutes. Hales had never met this customer before. The customer purchased some items and began speaking with Hales, asking her if she had a boyfriend and if she worked at the West Avenue location often. He also made comments about her appearance. The customer told Hales about where he lived, where he worked, what kind of vehicle he drove, that there was a dashboard camera on his vehicle, and, using a sexually suggestive tone, that he liked to film things.

In an attempt to "elude" the customer, Hales decided that she was going to go outside to smoke a cigarette. She asked a co-worker to keep an eye on her because a customer had been "hitting on her." The co-worker asked Hales why she was going outside if the customer was still in the store and suggested that Hales should just ask him to leave. Hales responded that she could take care of herself.

The customer followed Hales outside and blocked the entrance to the store. Hales asserts that after the customer said that "his girlfriend calls him when it's raining outside to tell [him] how wet she is, [but that] that's his job," Hales told him to "back off." The customer replied, "What are you going to do about it?" In response, Hales extended her cigarette towards the customer in an attempt to make

-2-

him move away. The customer instead stepped toward Hales and burned his left arm on her cigarette. The customer recoiled and then reentered the store, followed by Hales.

The customer returned to the Casey's West Avenue store the next day and reported that Hales had burned him with a cigarette. The West Avenue manager thereafter reviewed the surveillance tapes, and informed the Summer Street location manager about the incident between Hales and the customer.

When Hales reported for her next shift at Casey's Summer Street store on May 31, 2013, her manager asked her if "anything out of the ordinary had happened" while working at the West Avenue store. Hales acknowledged that she had burned a customer with her cigarette, but stated that she did so in order to defend herself. The manager thereupon terminated Hales's employment.

On June 27, 2013, and February 10, 2014, Hales filed a complaint with the Iowa Civil Rights Commission (ICRC), arguing that her termination was based on discrimination and in retaliation for resisting sexual harassment. The complaint was cross-filed with the Equal Employment Opportunity Commission (EEOC). On June 1, 2014, Hales requested separate administrative releases from the ICRC and the EEOC. The ICRC issued Hales an administrative release letter on her ICRA complaint on June 4, 2014. The EEOC mailed Hales a Dismissal and Notice of Rights on her retaliation claim on September 24, 2014. It mailed Hales a Dismissal and Notice of Rights on her hostile work environment claim on October 8, 2014, which she received on October 13, 2014. The EEOC's letters stated that a lawsuit "**must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice,** or your right to sue based on this charge will be lost." (emphasis in original). The EEOC sent copies of the letter to James Hales (Mr. Hales), who is Hales's father as well as her attorney.

Both sets of letters were sent to the same residential address, because Hales lived there with her father from June 2014 to September 2014.[2]

Hales filed suit in federal district court on January 7, 2015. Casey's moved to dismiss under Rule 12(b)(6) arguing that Hales's ICRA claim was time-barred because it was filed outside the statutory filing period. See Iowa Code § 216.16(4) (stating that "an action . . . is barred unless commenced within ninety days after issuance by the commission of a release"). Hales argued that the limitation period should apply only to parties who wish to have their claim resolved in state court. She also argued that her claim should not be time-barred because the EEOC did not issue its letter until after the state court filing deadline had expired. The district court disagreed and granted Casey's motion to dismiss on the ICRA claim.

Hales sought to introduce evidence that she had previously been sexually assaulted, along with testimony from her counselor that Hales had been undergoing therapy in order to learn to have a voice and be "empowered" to resist sexual assaults. The district court granted Casey's motion in limine and motion to exclude expert opinion and testimony, concluding that evidence of Hales's previous sexual assaults was not relevant to her hostile work environment and retaliation claims.

Thereafter, Casey's moved for summary judgment. The district court determined that the hostile work environment claim failed as a matter of law because Hales did not show "severe or pervasive harassment affecting a term or condition of her employment." Hales v. Casey's Mktg. Co., No. 3:15-CV-00004-RGE, at 19 (Aug. 17, 2016). The court also concluded that in light of the circumstances, Casey's was not liable for the customer's conduct. Hales argued that the customer's conduct should be imputed to Casey's because Casey's had knowledge of the customer's previous inappropriate conduct and had failed to take remedial action. The district

---

[2]Mr. Hales was using his address as both a private residence and a law office.

court disagreed, concluding that upon receiving a previous report that this same customer had made sexual comments to female employees, Casey's took "reasonable action" by having a male employee warn the customer that if he continued to bother the employees, the police would be called and he would be banned from the store. Id. at 12.

The court also determined that Hales's retaliation claim failed both procedurally and on the merits. Procedurally, the court ruled that the claim was time-barred because it was filed outside the EEOC's ninety-day limitation period and Hales had failed to establish any reason why the limitation period should be tolled. The court further concluded that Hales's retaliation claim would fail on the merits because she was not engaged in activity protected under Title VII.

I.

A. ICRA Claim

Hales argues that the district court should have found Iowa's ninety-day filing period to be equitably tolled because the EEOC's right-to-sue letter was not issued until after the ICRA statutory filing period had expired. We review the grant of a 12(b)(6) motion to dismiss *de novo*. Schmedding v. Tnemec Co., Inc., 187 F.3d 862, 864 (8th Cir. 1999).

Hales concedes that absent tolling, her ICRA claim was untimely filed. But she argues that if the ICRA filing deadline is not equitably tolled during the pendency of an EEOC review she would be estopped from bringing her federal claim in federal court because both claims arose from a common nucleus of fact. The Supreme Court rejected a similar argument in Johnson v. Railway Express Agency, Inc., holding that the filing of a Title VII claim with the EEOC does not toll the statute of limitations in an action arising under 42 U.S.C. § 1981 even though the claims arose out of the

same nucleus of fact. 421 U.S. 454, 465 (1975). The Court explained that a plaintiff should file suit and then "ask the court to stay proceedings until the administrative efforts . . . and voluntary compliance have been completed." Id. If, on the other hand, a plaintiff has a right to file a § 1981 claim and fails to do so—even if "induced by faith in the adequacy of his Title VII remedy"—that plaintiff has in effect "slept on his § 1981 right[]" to file such claim, and the claim is consequently time-barred. Id. at 466; see also Castagna v. Luceno, 744 F.3d 254, 258 (2d Cir. 2014) (holding that "as a matter of federal law[,] filing an EEOC charge does not toll the time for filing state tort claims, including those that arise out of the same nucleus of facts alleged in the charge of discrimination filed with the EEOC"); Juarez v. Ameritech Mobile Commc'ns, Inc., 957 F.2d 317, 323 (7th Cir. 1992) (stating that "the time for filing [a state-law claim] is not tolled by the filing of a discrimination charge with the EEOC."); Arnold v. United States, 816 F.2d 1306, 1313 (9th Cir. 1987) (rejecting argument that state-law claims should be tolled by filing a Title VII claim).

Following the Supreme Court's rationale in Johnson, we conclude that the pendency of an EEOC review does not toll a state civil rights claim and that Hales's ICRA claim is thus time-barred. Because we hold that Hales's retaliation claim is time-barred, we need not address her evidentiary arguments regarding that claim.

### B. Hostile Work Environment

Hales argues that her hostile work environment claim should have survived summary judgment because the customer's conduct was severe enough to affect a term or condition of her employment and because Casey's failed to take sufficient action despite its having knowledge of the customer's behavior.

We review the district court's grant of summary judgment *de novo*. Henthorn v. Capitol Commc'ns, Inc., 359 F.3d 1021, 1024 (8th Cir. 2004). Summary judgment is proper if, when viewing the evidence in a light most favorable to the non-moving

-6-

party, no genuine issue of material fact exists and the nonmoving party is entitled to judgment as a matter of law. Id. at 1026. Mere allegations that are not supported by specific facts are insufficient to establish a genuine issue of material fact and will not withstand a summary judgment motion. Id.

To prevail on a hostile work environment claim, a plaintiff must prove the following five elements: (1) that she is a member of a protected group; (2) that she was the subject of unwelcome sexual harassment; (3) that a causal nexus existed between the harassment and protected group status; (4) that harassment affected a term, condition, or privilege of employment; and (5) that her employer knew or should have known of the harassment and failed to take prompt and effective remedial action. Klein v. McGowan, 198 F.3d 705, 709 (8th Cir. 1999). The fourth element includes both subjective and objective components. Blomker v. Jewell, 831 F.3d 1051, 1056 (8th Cir. 2016). In order to show that the harassment affected a term or condition of employment, "the conduct must be sufficiently severe or pervasive to create an environment that a reasonable person would find hostile or abusive and that actually altered the conditions of the victim's employment." Crist v. Focus Homes, Inc., 122 F.3d 1107, 1111 (8th Cir. 1997).

Hales argues that an isolated incident may be sufficient to establish an effect on an employee's work condition. While this might be true in an "extremely serious" incident, the incident in this case does not meet the demanding standard set forth in the case law. See Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998)); see also Alagna v. Smithville R-II School Dist., 324 F.3d 975, 980 (8th Cir. 2003) (holding that a male teacher's touching a female teacher, telling her that he loved her, and acting inappropriately for two years was not sufficiently severe to satisfy a claim for hostile work environment sexual harassment). During the incident at Casey's, the customer never touched or overtly threatened Hales. Although Hales claims she felt threatened, she has failed to make a sufficient showing that the customer's conduct was so severe or pervasive as to affect a term, condition, or privilege of her

employment. As a result, we conclude that Hales's work environment was not so offensive as to be objectively hostile. See Alagna, 324 F.3d at 980-81.

Hales has also failed to show that Casey's knew of the customer's harassing conduct but failed to take remedial action. An employer's liability turns on whether the employer was aware of the conduct and whether it took appropriate action to remedy the circumstances in a timely and appropriate manner. See Crist, 122 F.3d at 1111. When Casey's received the first complaint from the other female employees, it took immediate action, telling the customer that he would be banned from the store and that the police would be called if his behavior continued. Accordingly, because Hales fails to satisfy both the fourth and fifth elements required under a Title VII hostile work environment claim, the district court correctly granted summary judgment in favor of Casey's.[3]

We turn then to Hales's argument that the district court abused its discretion in excluding evidence of her previous sexual assault and her related therapy. She contends that the evidence would have given context to the incident with the customer and would have tended to show that Hales acted reasonably in the circumstances. To support her argument, Hales cites Oncale v. Sundowner Offshore Services, Inc., which states, "[c]ommon sense, and an appropriate sensitivity to social context, will enable courts and juries to distinguish between simple teasing . . . and conduct which a reasonable person in the plaintiff's position would find severely hostile or abusive." 523 U.S. 75, 82 (1998).

Hales's reliance on Oncale is misplaced, however, for the social context inquiry Oncale says should be examined relates to whether a reasonable person would find

_____

[3]It is unsettled law in our circuit whether an employer may be held liable for the actions of a customer under a hostile work environment sexual harassment claim. We are assuming, without deciding, that such a claim can be maintained.

-8-

the harassment so severe that it would affect a term or condition of employment. It does not, as Hales suggests, require courts to delve into a plaintiff's personal background when assessing the objective severity of harassment. Thus, we conclude that the district court did not abuse its discretion in excluding the evidence as irrelevant under Federal Rule of Evidence 401. See Kozlov v. Associated Wholesale Grocers, Inc., 818 F.3d 380, 396 (8th Cir. 2016) (standard of review).

## C. Retaliatory Discrimination

Hales also maintains that the district court erred in granting summary judgment in favor of Casey's because her retaliation claim was timely filed based on when she received the EEOC's administrative release letter.

Title VII allows an aggrieved party to bring a civil action within ninety days after notice of dismissal is given by the EEOC. See 42 U.S.C. § 2000e-5(f)(1). This ninety-day period constitutes a limitations period that bars a suit that is not filed within that time. Payan v. Aramark Mgmt. Servs. Ltd. P'ship, 495 F.3d 1119, 1121 (9th Cir. 2007). It is therefore crucial to ascertain the date on which the ninety-day period began to run to determine whether a Title VII action was timely filed. Id. at 1121-22.

"Generally, the ninety-day filing period begins to run on the day the right to sue letter is received at the most recent address that a plaintiff has provided the EEOC." Hill v. John Chezik Imps., 869 F.2d 1122, 1124 (8th Cir. 1989). It is presumed that a plaintiff will receive the notice three days after the mailing date. Fed. R. Civ. P. 6(d); see also Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984) (per curiam) (stating that the presumed date of receipt for an EEOC right to sue letter was January 30 after it was mailed January 27). Because it is undisputed that the EEOC issued its letter on Hales's retaliation claim on September 24, 2014, it is therefore presumed that Hales received the letter on September 27, 2014. Hales filed

suit on January 7, 2015—more than 100 days after the presumed receipt of the letter.

Hales claims that she did not receive her right to sue letter related to her retaliation claim until June 3, 2015, but she has offered no evidence to support this claim, and she does not explain why she filed her suit six months before that date. She cites her third amended complaint, which alleges that the letter arrived on June 3, 2015, as well as her father's February 9, 2016, deposition testimony that he was the only person to collect the mail related to the lawsuit and that he did not remember receiving the right to sue letter, saying, "I know I did not receive this [September 24, 2014, letter]." J.A. 416. Hales thus has failed to substantiate her allegation "with sufficient probative evidence that would permit a finding in her favor based on more than mere speculation [or] conjecture." See Clay v. Credit Bureau Enters., Inc., 754 F.3d 535, 539 (8th Cir. 2014) (citation and internal brackets omitted). Moreover, Hales's testimony that she did not read her mail from the EEOC and her father's admission that he did not diligently check his mail militate mightily against any claim for equitable tolling. See Hill, 869 F.2d at 1124 (stating that equitable tolling not appropriate when the plaintiff did not inform the EEOC of her new address); Brown, 466 U.S. at 151 (holding that a plaintiff "who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence").

The judgment is affirmed.

_____