# United States Court of Appeals
## For the Eighth Circuit
_____

No. 24-1381
_____

James M. Johnson

*Plaintiff - Appellant*

v.

United States Postal Service

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: January 14, 2025
Filed: March 10, 2025
[Unpublished]
_____

Before SMITH, BENTON, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

James Johnson sued the United States Postal Service ("USPS"), alleging he was subjected to a hostile work environment based on his race, color, sex, and age, and suffered unlawful discrimination and retaliation. The district court[1] granted

_____

[1]The Honorable D. Price Marshall Jr., United States District Court for the Eastern District of Arkansas.

summary judgment in favor of USPS, concluding that Johnson had not established any triable issue of material fact and had failed to exhaust the remaining claims. We affirm.

Johnson, a self-described "light-skinned" African-American male, worked for USPS from 1984 until his retirement in October 2020. Beginning in 1996, Johnson served as a "Sales, Services/Distribution Associate" at the Forest Park Station in Little Rock, Arkansas. As the only full-time window clerk, Johnson primarily handled customer service duties and other employees assisted during peak times.

Johnson alleges that beginning in early 2018, after a change in local supervision, his immediate supervisor, the station manager, and the Postmaster subjected him to heightened scrutiny and unwarranted discipline. Johnson claims USPS policies were inconsistently enforced, and he was subjected to baseless disciplinary actions. As an example of the inequitable treatment, Johnson points to the frequency of his job performance evaluations. USPS policy requires daily employee observations, but Johnson was evaluated on 263 occasions within 360 days, while the next most evaluated employee was evaluated only 16 times. Johnson received written warnings and proposed suspensions for failing evaluations and "mystery shopper" reviews, which were all later rescinded through union grievances. Johnson also points to reprimands he received for dress code violations and absences supported by a doctor's note. Johnson recognizes that no discriminatory remarks based on his race, color, sex, or age were made about him but instead asserts the cumulative effect of these incidents was discriminatory and forced him to retire a year earlier than he had planned.

In October 2019, Johnson filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). The EEOC determined that Johnson failed to show severe or pervasive harassment or that the conduct was due to a protected characteristic. Johnson now appeals the district court's adverse summary judgment decision.

We review the district court's summary judgment decision *de novo*, viewing the facts most favorably to the nonmovant. Anderson v. KAR Glob., 78 F.4th 1031, 1036 (8th Cir. 2023). Summary judgment is warranted if "there is no genuine dispute as to any material fact" and the movant is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

To establish a hostile work environment under Title VII of the Civil Rights Act of 1964 or the Age Discrimination in Employment Act ("ADEA"), Johnson must establish five elements, including: (1) he is a member of a protected group; (2) he was the subject of harassment; (3) there was a causal nexus between the harassment and protected group status; (4) the harassment affected a term, condition, or privilege of employment; and (5) his employer knew or should have known of the harassment and failed to take prompt and effective remedial action. Hales v. Casey's Mktg. Co., 886 F.3d 730, 735 (8th Cir. 2018). To demonstrate the harassment affected a term or condition of employment, Johnson is required to show conduct that was sufficiently severe or pervasive to create an environment that he subjectively perceived as hostile or abusive and that a reasonable person would find hostile or abusive. Id. The parties dispute whether Johnson has shown the harassing conduct was based on a protected trait and whether it was severe or pervasive enough to alter the conditions of his employment.

The record, viewed in Johnson's favor, shows that he was evaluated significantly more often than other employees. He also received written reprimands for violating nonactionable USPS policies, which were ultimately rescinded. This type of workplace conduct, while unpleasant, does not constitute an adverse action, as Johnson's duties and salary remained the same throughout the timeframe at issue. See Watson v. McDonough, 996 F.3d 850, 856 (8th Cir. 2021). Further, Johnson failed to connect the harassing behavior to his race, color, sex, or age. His mere belief that it was based on a protected characteristic is insufficient. See Bradley v. Widnall, 232 F.3d 626, 630–33 (8th Cir. 2000) (noting employee's speculation of a "campaign of discrimination" involving negative comments, preferential treatment to white employees, coworkers assigned to spy on her, and attempts to "set her up"

to fail inspections was insufficient to state a hostile work environment claim), abrogated on other grounds by Torgerson v. City of Rochester, 643 F.3d 1031 (8th Cir. 2011) (en banc). Simply put, Johnson's experiences—taken alone or together—fail to satisfy the demanding "severe or pervasive" threshold necessary for a hostile work environment claim under Title VII or the ADEA. See Paskert v. Kemna-ASA Auto Plaza, Inc., 950 F.3d 535, 538 (8th Cir. 2020) (noting the "high bar" for a cognizable hostile work environment claim that must be satisfied for conduct to rise to the level of sufficiently severe or pervasive).

Lastly, Johnson contends his workplace experiences are evidence of separate instances of disparate treatment, but our review of the record shows that he did not raise any distinct "disparate treatment" allegations to the EEOC based on his race, color, sex, or age.[2] Johnson's unexhausted claims must be dismissed. See Richter v. Advance Auto Parts, Inc., 686 F.3d 847, 850–52 (8th Cir. 2012) (per curiam) (stating federal law requires exhaustion of Title VII claims). Likewise, we exercise our discretion and decline to consider Johnson's retaliation claim raised for the first time on appeal. See Combs v. The Cordish Companies, Inc., 862 F.3d 671, 678–79 (8th Cir. 2017) (noting we have discretion to consider a newly raised argument only if it is a purely legal issue or if a manifest injustice would otherwise result).

The district court's judgment is affirmed.

———————————————

---

[2]Consistent with our review of the record, the EEOC interpreted Johnson's allegations as a unified, continuing "hostile work environment" claim, not discrete discrimination claims.